UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNA M. MCNEIL, | No. CV 15-1145 AGR |
| Plaintiff, | |
| v. | MEMORANDUM OPINION AND ORDER |
| CAROLYN W. COLVIN, Commissioner of Social Security, | |
| Defendant. | |

Plaintiff Donna M. McNeil filed this action on February 17, 2015. Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the magistrate judge. (Dkt. Nos. 11, 12.) On November 12, 2015, the parties filed a Joint Stipulation that addressed the disputed issues. The court has taken the matter under submission without oral argument.

Having reviewed the entire file, the court reverses the decision of the Commissioner and remands for further proceedings at step five of the sequential analysis.

I.

## PROCEDURAL BACKGROUND

On October 17, 2011, McNeil filed applications for disability insurance benefits and supplemental security income, alleging an onset date of May 20, 2011. Administrative Record ("AR") 9. The applications were denied initially and on reconsideration. AR 9, 52, 65, 78, 92. McNeil requested a hearing before an Administrative Law Judge ("ALJ"). On October 7, 2013, the ALJ conducted a hearing at which McNeil and a vocational expert ("VE") testified. AR 24-46. On November 1, 2013, the ALJ issued a decision denying benefits. AR 6-16. On December 17, 2014, the Appeals Council denied the request for review. AR 1-3. This action followed.

II.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court has authority to review the Commissioner's decision to deny benefits. The decision will be disturbed only if it is not supported by substantial evidence, or if it is based upon the application of improper legal standards. *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995) (per curiam); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

"Substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." *Moncada*, 60 F.3d at 523. In determining whether substantial evidence exists to support the Commissioner's decision, the court examines the administrative record as a whole, considering adverse as well as supporting evidence. *Drouin*, 966 F.2d at 1257. When the evidence is susceptible to more than one rational interpretation, the court must defer to the Commissioner's decision. *Moncada*, 60 F.3d at 523.

# III.

# DISCUSSION

## A. Disability

A person qualifies as disabled, and thereby eligible for such benefits, "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Barnhart v. Thomas*, 540 U.S. 20, 21-22, 124 S. Ct. 376, 157 L. Ed. 2d 333 (2003) (citation and quotation marks omitted).

## B. The ALJ's Findings

The ALJ found that McNeil met the insured status requirements through December 31, 2015. AR 11. Following the five-step sequential analysis applicable to disability determinations, *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006),[1] the ALJ found that McNeil had the severe impairments of bilateral knee osteoarthritis, status post right knee arthroscopy, asthma and depression. AR 12.

The ALJ found that McNeil had the residual functional capacity ("RFC") to perform sedentary work except that she could lift five pounds frequently and ten pounds occasionally, stand two hours and sit six hours in an eight-hour day, and occasionally bend and stoop. She is precluded from exposure to pulmonary irritants and is limited to simple routine tasks. AR 13. She is unable to perform any past relevant work, but there are jobs that exist in significant numbers in the national economy that she could perform such as cashier II and bench assembly work. AR 14-15.

---

[1] The five-step sequential analysis examines whether the claimant engaged in substantial gainful activity, whether the claimant's impairment is severe, whether the impairment meets or equals a listed impairment, whether the claimant is able to do his or her past relevant work, and whether the claimant is able to do any other work. *Lounsburry*, 468 F.3d at 1114.

      **C.    Treating Physician's Opinion**

McNeil contends the ALJ erred in rejecting the opinions of two treating physicians, Dr. Richman and Dr. Kang.

An opinion of a treating physician is given more weight than the opinion of non-treating physicians. *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007). To reject an uncontradicted opinion of a medically acceptable treating source, an ALJ must state clear and convincing reasons that are supported by substantial evidence. *Bayliss*, 427 F.3d 1211, 1216 (9th Cir. 2005). When a treating physician's opinion is contradicted by another doctor, "the ALJ may not reject this opinion without providing specific and legitimate reasons supported by substantial evidence in the record. This can be done by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Orn*, 495 F.3d at 632 (citations and quotation marks omitted). "When there is conflicting medical evidence, the Secretary must determine credibility and resolve the conflict." *Thomas v. Barnhart*, 278 F.3d 947, 956-57 (9th Cir. 2002).

      **Dr. Kang**

Dr. Kang completed a physical residual functional capacity questionnaire in May 2013 after treating McNeil for approximately two months. AR 743-46.

The ALJ gave little weight to the opinions of McNeil's treating physicians because they "do not detail how long the claimant can stand in an 8-hour day and limit the claimant to sitting no more than 2 hours of an 8-hour day, with no explanation as to what would limit the claimant from sitting 6 hours of an 8-hour day." AR 14.

The ALJ's RFC assessment limited McNeil to lifting five pounds frequently and ten pounds occasionally. AR 13. The RFC is therefore consistent with Dr. Kang's opinion that McNeil could frequently lift less than ten pounds and occasionally lift ten pounds. AR 745. Dr. Kang found no limitations on reaching, handling or fingering, which is also consistent with the ALJ's RFC assessment. *Id.*

4

Dr. Kang opined that McNeil was limited to low stress work. AR 744. McNeil could not sit more than two hours at any one time and could not stand more than 30 minutes at any one time. AR 744-45. However, Dr. Kang then opined that McNeil could sit less than two hours "total" out of 8 hours and did not indicate any amount for standing. AR 745. Dr. Kang apparently did not discern the difference between the two questions. The word "total" in the second question meant the total amount of sitting (or standing/walking) assuming that McNeil could alternate sitting and standing. Nevertheless, the import of Dr. Kang's opinion was that McNeil would need to be able to alternate sitting and standing. To the extent the ALJ intended to reject that opinion, the ALJ's rejection is not supported by substantial evidence. On the other hand, this error alone may be harmless because the VE testified that the two representative jobs could be performed either sitting or standing.[2] AR 44-45.

The ALJ limited McNeil to occasional bending and stooping. AR 13. However, Dr. Kang opined that McNeil could rarely twist, stoop, bend, crouch, climb ladders or climb stairs. AR 745. Dr. Kang's opinion is supported by substantial evidence in the record, including reports that McNeil had pain with deep flexion (AR 616) and fell while climbing stairs (AR 727). It is unknown what effect, if any, these additional limitations would have upon the VE's testimony and the determination at step five of the sequential analysis. Accordingly, remand is appropriate. *See Treichler v. Comm'r*, 775 F.3d 1090, 1101 (9th Cir. 2014) (remand is appropriate when there are issues left to be resolved).

**Dr. Richman**

Dr. Richman completed a physical residual functional capacity questionnaire in November 2012. AR 708-11. The ALJ discounted Dr. Richman's opinion for the same reasons discussed above. AR 14.

---

[2] The VE assumed that the hypothetical claimant would require a cane for ambulating but not for sitting or standing. AR 44-45.

Unlike Dr. Kang's opinion, Dr. Richman's opinion is wholly contradictory. Dr. Richman initially states that McNeil cannot sit or stand "for long periods (one hour or more)." AR 708. Dr. Richman elsewhere opined that McNeil could not sit more than 20 minutes at one time and could not stand more than 15 minutes at one time. Dr. Richman then opined that McNeil could sit and stand/walk less than two hours total in an 8-hour workday, with 9 unscheduled breaks during a two-hour period. AR 709-10. The ALJ could reasonably discount Dr. Richman's opinion.

Moreover, unlike Dr. Kang, Dr. Richman opined that McNeil was incapable even of low stress work because she has chronic right knee pain, uses a cane and used a splint on the fourth digit of her right hand (at least at that time). AR 709. A treating physician's opinion as to the ultimate determination of disability is not binding on the ALJ. *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011). Moreover, the existence of an impairment or functional limitation alone is insufficient to show disability. *Matthews v. Shalala*, 10 F.3d 678, 680 (9th Cir. 1993).

### E. Credibility

"To determine whether a claimant's testimony regarding subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007). At step one, "the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" *Id.* (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (en banc)).

Second, when an ALJ concludes that a claimant is not malingering and has satisfied the first step, "the ALJ may 'reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so.'" *Brown-Hunter v. Colvin*, 798 F.3d 749, 755 (9th Cir. 2015) (citation omitted), *amended* 2015 WL 6684997 (Nov. 3, 2015); *Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir.

2014). "A finding that a claimant's testimony is not credible 'must be sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit a claimant's testimony regarding pain.'" *Brown-Hunter*, 798 F.3d at 755 (citation omitted). "'General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints.'" *Id.* (citation omitted).

In weighing credibility, the ALJ may consider factors including: the nature, location, onset, duration, frequency, radiation, and intensity of any pain; precipitating and aggravating factors (e.g., movement, activity, environmental conditions); type, dosage, effectiveness, and adverse side effects of any pain medication; treatment, other than medication, for relief of pain; functional restrictions; the claimant's daily activities; and "ordinary techniques of credibility evaluation." *Bunnell*, 947 F.2d at 346 (citing Social Security Ruling ("SSR") 88-13) (quotation marks omitted).[3] The ALJ may consider: (a) inconsistencies or discrepancies in a claimant's statements; (b) inconsistencies between a claimant's statements and activities; (c) exaggerated complaints; and (d) an unexplained failure to seek treatment. *Thomas*, 278 F.3d at 958-59.

The ALJ found that McNeil's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but that her statements concerning the intensity, persistence and limiting effects of his symptoms were "not entirely credible." AR 14. The ALJ primarily relied on three reasons: (1) McNeil does not generally use strong prescription medication for pain; (2) the objective medical evidence does not support the degree of McNeil's pain; and (3) her activities of daily living are inconsistent with the degree of pain alleged. *Id.*

---

[3] Social Security rulings do not have the force of law. Nevertheless, they "constitute Social Security Administration interpretations of the statute it administers and of its own regulations," and are given deference "unless they are plainly erroneous or inconsistent with the Act or regulations." *Han v. Bowen*, 882 F.2d 1453, 1457 (9th Cir. 1989).

1  "[E]vidence of 'conservative treatment' is sufficient to discount a claimant's testimony testimony regarding severity of an impairment." *Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007) (citation omitted). As the ALJ noted, McNeil testified that she used narcotic pain medication after surgery but now uses only Naproxen for pain. AR 14, 31.

The ALJ may properly consider conservative treatment to discount credibility. Although it is a factor the ALJ may consider in assessing credibility, "an ALJ may not reject a claimant's subjective complaints based solely on a lack of medical evidence to fully corroborate the alleged severity of pain." *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005). The ALJ correctly noted that imaging studies and related physician notes did not support the degree of McNeil's symptoms. AR 14; *e.g.*, AR 527, 605, 618, 623, 627, 631, 752, 766.

An ALJ may consider a claimant's daily activities when weighing credibility. *Bunnell*, 947 F.2d at 346. The ALJ found that McNeil's activities of daily living inconsistent with the severity of her pain. AR 14. Although McNeil initially testified "I don't do anything" at the hearing, the ALJ correctly noted that McNeil acknowledged socializing at the Boys & Girls Club and the YMCA, reading, and going to food markets. AR 12, 14, 33.

The ALJ's credibility finding is supported by substantial evidence. "If the ALJ's credibility finding is supported by substantial evidence in the record, we may not engage in second-guessing." *Thomas*, 278 F.3d at 959 (citing *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999)). The ALJ did not err.

## IV.

## ORDER

IT IS HEREBY ORDERED that the decision of the Commissioner is reversed and remanded for further proceedings at step five of the sequential analysis.

IT IS FURTHER ORDERED that the Clerk serve copies of this Order and the Judgment herein on all parties or their counsel.

DATED: January 7, 2016

                                       ALICIA G. ROSENBERG
                                       United States Magistrate Judge